STEWART, J.,
concurring.
11While I agree with the opinion affirming the trial court’s judgment, I write separately to emphasize that several of appellant counsel’s remarks regarding the trial judge made in brief and at oral argument appear to violate U.R.C.A. Rule 2-12.4 and exhibit a lack of professionalism that warrants admonishment.
Rule 2-12.4 states, in relevant part:
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge, or other officer thereof, or of any institution.
Moreover, Rule 8.2 of the Rules of Professional Conduct, provides that a lawyer shall not make a statement he “knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge.... ”
In the appellant brief, counsel asserted four times that the trial judge demonstrated “bias.” Counsel also asserted that the trial judge demonstrated “a decidedly unprofessional demeanor toward Dr. McCormick personally throughout these proceedings.” The only basis given for these assertions was the trial judge’s rulings, which rejected the contentions of the *502 plaintiff-appellant, and her signing of two separate judgments, which is addressed in the majority opinion. The record offers no support for the discourteous criticisms of the trial court by appellant counsel. Even when asked about his assertions during oral arguments, counsel could provide no legitimate basis for his remarks in the brief. He merely referred to the trial judge’s body language and manner in exiting the courtroom for a proffer of | ^evidence as support for his allegations of “bias” and “unprofessional demeanor.”
Adverse rulings by the trial court are not to be challenged with personal attacks on the integrity of the court in the absence of any supporting evidence. Appellant counsel’s allegations are wholly unsupported by the record, which demonstrates the utmost professionalism and courtesy on the part of the trial judge. With these additional remarks, I concur in the judgment.